UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AUSTIN B. CEDARS** | : | **DOCKET NO. 2:18-cv-0745** |
| **D.O.C. # 636862** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **S.W. McCAIN** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Austin B. Cedars, who is proceeding pro se in this matter. Cedars is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Raymond Laborde Correctional Center in Cottonport, Louisiana. S.W. McCain, warden of that facility and respondent in this matter, opposes the petition. Doc. 12. The petitioner has not filed a reply, and his time for doing so has elapsed.

This petition is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

*A. Conviction*

The petitioner (Austin B. Cedars) and codefendant Keenan Wade Cedars were charged in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, with one count of second

degree murder, a violation of Louisiana Revised Statute § 14:30.1. Doc. 12, att. 2, p. 29. The charge related to the killing of Anthony Batiste on December 2, 2012, when the petitioner was 17 years old and Keenan Cedars was 24 years old. *Id.*; *see State v. Cedars*, 2017 WL 3334872, at *1 (La. Ct. App. 3d Cir. Jul. 19, 2017). On May 28, 2015, the petitioner's charge was amended to manslaughter, a violation of Louisiana Revised Statute § 14:31, and the petitioner pleaded guilty to that charge. Doc. 12, att. 2, pp. 21, 30. On August 21, 2015, the petitioner was sentenced to a thirty-year term of imprisonment, below the forty year maximum authorized for manslaughter. *Id.* at 25; La. Rev. Stat. § 14:31(B). The petitioner filed a motion reconsider sentence, which was heard and denied on December 11, 2015. Doc. 12, att. 2, pp. 27; doc. 12, att. 4, pp. 39–56.

### B. Direct Appeal

The petitioner then appealed his sentence to the Louisiana Third Circuit Court of Appeal, alleging that his sentence was excessive in light of his age and the circumstances of the offense. *Cedars*, 2017 WL 3334872 at *1–*2. The Third Circuit reviewed this assignment of error on the merits and affirmed the state district court's ruling. *Id.* at *2–*5. The petitioner then sought review in the Louisiana Supreme Court, which denied same on April 27, 2018. *State v. Cedars*, 239 So.3d 838 (La. 2018). It does not appear that he filed a petition for writ of certiorari in the United States Supreme Court. *See* doc. 4.

### C. Federal Habeas Petition

The petitioner did not seek state collateral review. Instead, he proceeded directly to federal habeas review through a deficient pro se complaint filed in this court on June 1, 2018.[1] Here he renews his claim of excessive sentence as his sole grounds for relief. *See* doc. 4, att. 1.

---

[1] For pro se filings by an inmate, this court uses the date that the pleading was surrendered for mailing, if available, as the date of filing. If that date is not provided, we look to the date that the pleading was received by the court.

## II.
## LEGAL STANDARDS

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. Exhaustion and Procedural Default

Exhaustion and procedural default are both affirmative defenses that may be considered waived if not asserted in the respondent's responsive pleadings. *E.g.*, *Cupit v. Whitley*, 28 F.3d

532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any assertions by respondent under these doctrines, in addition to conducting our own review.

### 1. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### 2. Procedural Default

When a petitioner's claim is dismissed by the state court based on state law grounds, and those grounds are independent of the federal question and adequate to support the judgment, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or that review is necessary "to correct a fundamental miscarriage of justice." *Coleman v. Thompson*, 111 S.Ct. 2546, 2553–54, 2564 (1991) (internal quotations omitted). Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default) or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). This is not a jurisdictional matter, but instead a doctrine "grounded in concerns of comity and federalism." *Trest v. Cain*, 118 S.Ct. 478, 480 (1997). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989). To serve as adequate grounds for a federally cognizable default, the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

### C. General Principles

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *E.g.*, *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). That statute provides that a writ of habeas corpus shall not be granted

unless the state court's adjudication resulted in a decision that was (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d). Where a habeas court is faced with an unexplained decision on the merits, it "looks through" that decision to the last related state court decision that provides a relevant rationale and presumes that the unexplained decision adopts the same reasoning. The respondent may rebut the presumption by showing that the unexplained decision most likely relied on different grounds than the reasoned decision below. *Wilson v. Sellers*, 138 S.Ct. 1188 (2018). Our review, however, ultimately encompasses "only a state court's decision, and not the written opinion explaining that decision." *Maldonado v. Thaler*, 625 F.3d 229, 239 (5th Cir. 2010) (internal quotations omitted); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning.") Even if the state court issues a summary denial of the claim, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. The petitioner must demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–87. A decision is only contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at

a [contrary result]." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (quotations and citations omitted). As the Court recently emphasized, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' . . . Nor, of course, do state-court decisions, treatises, or law review articles." *Kernan v. Cuero*, 138 S.Ct. 4, 9 (2017) (internal citation omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies only to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination. Instead, he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Instead, a presumption of correctness attaches to the state court's factual determinations and the petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.
### APPLICATION

#### A. Timeliness

The petitioner's conviction and sentence became final on July 27, 2018, after his time for seeking review in the United States Supreme Court elapsed. Sup. Ct. R. 13. This petition was filed on June 1, 2018. Accordingly, the clock had not yet begun to run under § 2244(d) when the petition was filed and this matter is timely.

#### B. Exhaustion and Procedural Default

As the respondent concedes, the sole claim for relief has been exhausted in the state courts and the rulings show no basis for procedural default. Doc. 12, att. 1, p. 16. Accordingly, there is no impediment to our review of the petition.

### C. *Merits Consideration*

The petitioner alleges that his 30-year term of imprisonment is excessive and thus violates the Eighth Amendment's prohibition against cruel and unusual punishment.[2] The Third Circuit's decision, as the last one to address this claim on the merits, is the one under § 2254(d) review. That court noted that the petitioner's sentence was below the 40-year maximum penalty authorized for manslaughter, and that his plea to manslaughter instead of second degree murder had lowered his sentencing exposure from life imprisonment. *Cedars*, 2017 WL 3334872 at *3. The court then denied relief on the excessive sentence claim after weighing all of the circumstances involved and finding that the trial court had not "abused its broad sentencing discretion" in sentencing the petitioner to a 30-year term "for shooting an already-wounded man six times, especially where at least one of [petitioner's] shots, fired at near-point-blank range, after any threat had been neutralized, clearly showed intent to kill." *Id.* at *3–*4.

Under federal law, no sentence is per se constitutional. *Solem v. Helm*, 103 S.Ct. 3001, 3009–10 (1983). Determination of prison sentences is a legislative prerogative that is the primary province of the legislatures rather than the courts. *Rummel v. Estelle*, 100 S.Ct. 1133, 1139–40 (1980). Accordingly, sentences that fall within statutory limits are granted substantial deference. Such a sentence will not be overturned on habeas review "unless it is grossly disproportionate to the gravity of the offense." *Lott v. Miller*, 2008 WL 4889650, at *9 (E.D. La. Nov. 3, 2008) (citing *Harmelin v. Michigan*, 111 S.Ct. 2680 (1991)).

In the Fifth Circuit, excessive sentence claims are analyzed under the framework set forth in *McGruder v. Puckett*, 954 F.2d 313 (5th Cir. 1992). First, the court weighs the gravity of the

---

[2] He also argues that the trial court failed to give appropriate consideration to mitigating factors under state law, but it is well-established that relief under § 2254 "does not lie for errors of state law." *Wilson v. Corcoran*, 131 S.Ct. 13, 16 (2010). Instead, we only review the lower courts' determinations for erroneous application of federal law.

offense against the severity of the sentence. *Id.* at 316. Then, **if** the court determines that the sentence is grossly disproportionate to the offense, it compares the sentence in the instant case to sentences for similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. *Id.* If the court does not find that the sentence is grossly disproportionate to the offense, however, no further inquiry is required and the court instead "defer[s] to the will of" the legislature. *United States v. Gonzales*, 121 F.3d 928, 942–43 (5th Cir. 1997), *overruled in part on other grounds by United States v. O'Brien*, 130 S.Ct. 2169, 2180 (2010), *as stated in United States v. Johnson*, 398 Fed. App'x 964, 968 (5th Cir. 2010). As the Supreme Court has noted, the disproportionality inquiry is inherently subjective. *Rummel*, 100 S.Ct. at 1138–39. Outside of the capital punishment context, successful proportionality challenges are "exceedingly rare." *Id.*

At the petitioner's plea hearing, the prosecutor offered the following factual basis for his conviction:

> [The state would show] that there had been some arguments throughout the day and at one point the victim, Anthony Batiste . . . entered the residence. At that time the defendant was armed with a .22 handgun and shot him multiple times causing his death.

Doc. 12, att. 4, pp. 10–11. The petitioner then admitted to those facts. *Id.* at 11. At the sentencing hearing, testimony indicated – as the Third Circuit noted – that the victim had been involved in a physical altercation with the petitioner's mother and girlfriend on the day of the murder and then returned to their home angry and high on drugs that afternoon. *Cedars*, 2017 WL 3334872 at *1; *see* doc. 12, att. 4, pp. 17–28. The petitioner's mother testified and blamed herself for the killing, based on what she called poor parenting and the petitioner "feeling like it was his responsibility to protect me and his home." *Id.* at 20–22. The petitioner also made a statement, apologizing to the victim's family and accepting responsibility for his actions. *Id.* at 23. The court then made a statement, weighing the petitioner's upbringing and young age against the circumstances of the

offense, and noting that the petitioner "put six bullets into Mr. Batiste" and that one of them had been at point-blank range. *Id.* at 28–34.

The petitioner nonetheless argues that the sentence was disproportionate and adopts arguments from Judge Sylvia Cooks's dissent to the Third Circuit's decision. Judge Cooks noted recent United States Supreme Court precedent on cruel and unusual punishment for juvenile offenders and quoted at length from the Court's opinion in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which held that mandatory sentences of life imprisonment without parole violated the Eighth Amendment when applied to those who were under 18 when they committed their crimes. *Cedars*, 2017 WL 3334872 at *5–*12. Judge Cooks argued that the trial court had not given full consideration to the petitioner's age, in violation of *Miller* and related cases *Graham v. Florida*, 130 S.Ct. 2011 (2010), and *Roper v. Simmons*, 125 S.Ct. 1183 (2005). *Id.* at *5–*7. She also challenged the apparent lack of weight given to the petitioner's upbringing:

> This Defendant was a seventeen-year-old boy of slight physical build whom one witness[] at the scene described as "a little boy." Despite having been raised by a drug-addicted mother, who engaged in frequent sexual encounters with many partners, this Defendant still cared for that mother and immediately came to her rescue when summoned after she was physically beaten and their residence "trashed" by Anthony.

*Id.* at *7–*10. She further noted that the petitioner's codefendant and uncle, Keenan Cedars, received a significantly lower sentence – though, as the majority pointed out, "Keenan Cedars . . . shot the victim in the buttocks, at which point Defendant entered the room and shot the victim six times, including one to the face, 'just about at point blank range.'" *Id.* at *1, *7. Judge Cooks, however, argued that "there is no basis in the record to conclude which wound(s) were fatal" and that the more lenient sentence received by Keenan Cedars thus supports the petitioner's claim. *Id.* at *9.

Despite Judge Cooks's and the petitioner's interpretation of *Roper*, *Graham*, and *Miller*, supra, there is no basis for applying these holdings to discretionary sentences for a term of years.[3] *See United States v. Walton*, 537 Fed. App'x 430, 437 (5th Cir. 2013). Therefore the petitioner's sentence was not per se excessive and is only reviewed under the trial court's exercise of its broad discretion in imposing a sentence within statutory limits. *Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987).

As the respondent notes, the petitioner was a first-time felony offender at the time of the shooting with two prior arrests for possession of marijuana in the same year as the homicide. Doc. 12, att. 4, p. 30. His family history was mentioned throughout the proceedings, and the court remarked that "[k]ids just get so much less than they deserve when they're brought into this world under these circumstances . . . ." *Id.* The court also noted that both the petitioner and victim had been under the influence of drugs. *Id.* at 32. Contrary to the petitioner's assertions, therefore, the court did not elide over any significant factor counseling a more lenient sentence. The court also mentioned the victim's provocation, the petitioner's youth, and codefendant Keenan Cedars's more lenient sentence. *Id.* at 30–35. After imposing sentence, he added:

> [A]nd, you know what, if you would have stopped at putting those bullets in his torso area instead of going and putting that final bullet in his head, you may not be here today. **Or, if he still would have died,** you would have – I would have been able to take that and . . . give you a little bit more consideration.

*Id.* at 36 (emphasis added).

---

[3] In *Graham*, the Court held that the Eighth Amendment "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit a homicide." 130 S.Ct. at 2034. In *Miller*, the Court concluded that the Eighth Amendment also "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 132 S.Ct. at 2469. In *Roper*, the Supreme Court held that the death penalty could not be constitutionally applied to juvenile offenders. 125 S.Ct. at 1200.

Judge Cooks and the petitioner argue that the trial court erred in part by determining that the head wound was potentially fatal. *Cedars*, 2017 WL 3334872 at *9–*10; doc. 4, att. 1, pp. 13–14. The coroner's report states that the gunshot wound to the head "was fired at a near-contact range" and exited through the right cheek, causing only soft-tissue injuries. Doc. 12, att. 3, pp. 102–03. It goes on to describe injuries to the lung, aorta, and heart from a shot to the mid-back. *Id.* However, it does not attribute the death to a single gunshot and instead only concludes that the victim "died as a result of multiple gunshot . . . wounds of the head and trunk." *Id.* at 103.

Regardless of any error on the trial court's part in describing the gunshot wound to the face/head as fatal, the intent shown through firing at a person's face at close range, in addition to the multiple other wounds inflicted by the petitioner, is a circumstance supporting a weighty sentence. To the extent that the petitioner's age, poor upbringing, and provocation by the victim counsel a more lenient sentence, the petitioner already received the benefit of pleading guilty to manslaughter rather than second degree murder, which mandates a sentence of life imprisonment. These circumstances and the fact that the older codefendant received a more lenient term, when he only inflicted one gunshot wound to the victim's buttocks, do not demonstrate that the petitioner's sentence for a term of years within the statutory range for manslaughter was "grossly disproportionate to the gravity of the offense." The petitioner fails to show that the Third Circuit's consideration was contrary to or involved an unreasonable application of clearly established federal law. He is therefore not entitled to federal habeas relief.

### III.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 15th day of October, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE